IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VERNON BALMER, | ) CIVIL NO. 05-00045 HG-KSC |
| | ) |
|         Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT IN |
|   vs. | ) PART AND DENY IN PART |
| | ) DEFENDANT'S MOTION FOR |
| TITLE GUARANTY OF HAWAII | ) SANCTIONS |
| INCORPORATED, | ) |
| | ) |
|         Defendant. | ) |
| | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART DEFENDANT'S MOTION FOR SANCTIONS

     On March 20, 2006, Defendant Title Guaranty of Hawaii Incorporated ("Defendant") filed Defendant's Motion for Sanctions. Defendant seeks an order sanctioning Defendant for his failure to comply with this Court's Order Granting in Part and Denying in Part Defendant's Motion to Compel and for Sanctions heard on March 2, 2006. On March 21, 2006, this matter was referred to Magistrate Judge Chang.

     The matter came on for hearing on April 26, 2006. Attorney Paul Saito appeared on behalf of

Defendant; pro se Plaintiff Vernon Balmer Jr. ("Plaintiff") did not appear.

Defendant argues that Plaintiff has failed to respond to its discovery requests and has no intention of responding to its requests.  Defendant requests sanctions in the form of dismissal of the case and attorney's fees.  At the hearing on March 2, 2006, the Court ordered Plaintiff to respond to Defendant's discovery requests within fourteen (14) days of the hearing.  In addition, the Court warned Plaintiff that his failure to respond could result in the imposition of sanctions, including dismissal of his case.

Federal Rule of Civil Procedure ("Rule") 37(b)(2) permits the court to issue sanctions for failure to comply with a court order.  Rule 37(b)(2)(C) states that, as a sanction, the court may enter "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."  Rule 37(d) permits the court to

order the noncompliant party to pay the other party's attorney's fees and costs.

Based on the undisputed fact that Plaintiff has still not responded to Defendant's discovery requests and has expressed no intent to do so, the fact that the Court previously warned Plaintiff that his failure to respond could result in the imposition of sanctions and there being no opposition, the Court FINDS AND RECOMMENDS that Defendant's request for dismissal of the case be GRANTED.  The Court, in considering Plaintiff's pro se status as well as other factors, further FINDS AND RECOMMENDS that Defendant's request for attorney's fees and costs be DENIED as being unjust under the circumstances.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, April 26, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge