IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VERNON BALMER, | )  CIVIL NO.  05-00045 JMS/KSC |
| | ) |
| Plaintiff | )  ORDER ADOPTING MAGISTRATE |
| | )  JUDGE'S FINDINGS AND |
| vs. | )  RECOMMENDATION TO GRANT |
| | )  IN PART AND DENY IN PART |
| TITLE GUARANTY OF HAWAII | )  DEFENDANT'S MOTION FOR |
| INCORPORATED, | )  SANCTIONS |
| | ) |
| Defendant. | ) |
| _____ | ) |


ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART
DEFENDANT'S MOTION FOR SANCTIONS

## I. INTRODUCTION

Pro se Plaintiff Vernon Balmer ("Balmer") objects to Magistrate Judge

Kevin S.C. Chang's Findings and Recommendations ("F&R") to Grant in Part and

Deny in Part Defendant's Motion for Sanctions.  Magistrate Judge Chang

recommends to this court that: 1)  Balmer's complaint against Defendant Title

Guaranty of Hawaii Inc. be dismissed based on Balmer's non-compliance with

discovery orders; and 2) Defendant's request for attorney's fees be denied.  The

court has independently reviewed all the evidence leading up to the recommended

dismissal, and for the reasons stated herein, the court adopts the Magistrate Judge's F&R in whole.

## II.  BACKGROUND

On January 21, 2005, Balmer filed his complaint against Defendant. On that same day, he also filed an application to proceed without payment of fees and requested appointment of counsel under the Civil Rights Act of 1964.  On January 28, 2005, District Judge Helen Gillmor granted the application to proceed without payment of fees and denied Balmer's request for appointment of counsel.[1]

On January 20, 2006, Defendant filed a Motion to Compel Discovery and for Sanctions.  According to this motion, Defendant served Balmer with a First Request for Answers to Interrogatories and a First Request for Production of Documents on October 14, 2005.  Defendant claims that these discovery responses were due on or about November 16, 2005. When Balmer was contacted regarding non-compliance, Defendant asserts that Balmer acknowledged that he understood his obligation to respond.  Defendant further contends that Balmer, during a December 5, 2005 telephone conference, agreed to respond to the discovery by December 12, 2005.  Instead, Balmer never responded to this discovery.

---

[1] This case was subsequently transferred from Judge Gillmor to this court on July 25, 2005.

2

A hearing was held on Defendant's Motion to Compel Discovery and for Sanctions on March 2, 2006.  The court minutes from this hearing reflect that Balmer received the motion "and states that he did not respond to the discovery and did not appear for the deposition.  Mr. Balmer states that he has been seeking representation for his case but does not have representation yet.  He will continue to seek representation."  (Docket Sheet #24).  Magistrate Judge Chang then ordered Balmer to provide complete answers to interrogatories and provide written responses to the document production response within 14 days.  Balmer was also required to produce documents located in Hawaii within 14 days, and documents located on the mainland within 30 days.  He was also ordered to appear for a deposition on a date set by Defendant within 45 days.  The court minutes further state that the "[c]ourt warns plaintiff that if he does not comply with the court's order this morning, the court will consider another motion for sanctions and may include matters up to and including dismissal of the case."[2]

---

[2] The court has listened to a CD recording of the entire March 2, 2006 hearing.  As reflected in the minutes, Balmer admitted that he did not provide discovery to the defendant.  He stated that he was continuing to seek counsel, but that "no one is interested" in representing him.  Balmer, later in the hearing, stated that he could go forward with a deposition, but that providing the documents sought would be too expensive and time consuming. Magistrate Judge Chang clearly explained that if Balmer continued to refuse to provide discovery, a possible sanction would be dismissal of his case.

On March 16, 2006, Balmer sent an e-mail to defendant's counsel, stating that he was aware the date for him to provide discovery had lapsed, and that he would continue to seek counsel.  He explained, "[s]eemingly, for me to supply some of the information and respond to some of the questions would not be in my best interest and also seem to be self-incriminating."  On March 20, 2006, defendant filed a Motion for Sanctions, seeking dismissal of the action based on Balmer's non-compliance with the court's March 2, 2006 order.  A hearing was held on April 26, 2006.  Balmer did not appear for this hearing.

Magistrate Judge Chang issued an Amended Findings and Recommendation to Grant in Part and Deny in Part Defendant's Motion for Sanctions.  Judge Chang recommended dismissal of the action, finding that Balmer "has still not responded to Defendant's discovery requests and has expressed no intent to do so."  Judge Chang further recommended that this court not impose attorney's fees and costs "as being unjust under the circumstances."

On May 10, 2006, Balmer filed an "Objection to Dismissal."  Although Balmer's Objection does not address his failure to provide discovery to Defendant, he nonetheless does object to the dismissal of his case.

## III.  STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or

recommendations, the district court must review de novo those portions to which

the objections are made.  *United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed.

R. Civ. P. 72(b).[3]  The district court "may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge."  28 U.S.C.

§ 636(b)(1).  De novo review means the court must consider the matter anew, as if it

had not been heard before and as if no decision previously had been rendered.

*United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court

need not hold a de novo hearing; however, it is the court's obligation to arrive at its

own independent conclusion about those portions of the magistrate judge's findings

or recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d

614, 616 (9th Cir. 1989).

---

[3] Although Balmer has not provided any argument as to why his case should not be dismissed based on his failure to comply with a court order, the court nonetheless reviews de novo the Magistrate Judge's F&R to dismiss the suit.  Defendant has not filed an objection to the F&R denying attorney's fees and costs.  As such, that part of Judge Chang's order is adopted without review.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the district courts are not required to conduct any review of issues not subject to objection); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (Emphasis in original.)).

5

## IV.  ANALYSIS

Federal Rule of Civil Procedure 37(b) provides that if a party "fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order . . . dismissing the action or proceeding or any part thereof[.]"

Almost thirty years ago, when federal court dockets were not nearly as "crowded" as they are today, the Ninth Circuit recognized the utility of Rule 37(b) sanctions:

> Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents.  It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism.

*G-K Props. v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978).

Before imposing the ultimate sanction of dismissal, a district court should consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;  (3) the risk of prejudice to the defendants;  (4) the public policy favoring disposition of cases on their merits;  and (5) the availability of less drastic sanctions.

6

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  Where

the ultimate sanction of dismissal is imposed, however, the sanctioned party's

noncompliance "must be due to willfulness, fault, or bad faith."  *Computer Task*

*Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (citations and internal

quotation signals omitted).

       This five-factor list "amounts to a way for a district judge to think

about what to do, not a series of conditions precedent before the judge can do

anything, and not a script for making what the district judge does appeal-proof."

*Valley Eng'rs Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

Further, the fifth factor involves three subparts:  "whether the court explicitly

discussed alternative sanctions, whether it tried them, and whether it warned the

recalcitrant party about the possibility of dismissal."  *Id*.  A court need not

necessarily impose less drastic sanctions before dismissal is ordered.  *Id*.

       In this case, where Balmer has persistently refused to comply with

discovery requests and a court order, three factors clearly weigh in favor of

dismissal:  the public's interest in expeditious resolution of litigation; the court's

need to manage its docket; and the risk of prejudice to the defendant.

       The fifth factor, the availability of less drastic sanctions, also weighs in

favor of dismissal in the instant action.  The record establishes that Balmer's failure

to comply with discovery was intentional, leaving the court without any other practicable sanctions.  He was clearly warned on March 2, 2006, that failure to comply with the court's discovery order could lead to the dismissal of his case. Despite this clear admonition, Balmer knowingly failed to provide discovery.  In his March 16, 2006, e-mail to defendant's counsel, Balmer explained that, "[s]eemingly, for me to supply some of the information and respond to some of the questions would not be in my best interest and also seem to be self-incriminating." In other words, Balmer unilaterally determined, based on *his* view of *his* interests, that he would provide *no* discovery.

Under these circumstances, the imposition of less drastic sanctions would be futile.  Balmer's bad faith refusal to provide discovery simply can not be cured by other means.  He has made his position clear -- he will not provide discovery.  His refusal leaves the court without any assurance that the truth can be ascertained regarding both his claims and those defenses raised by the Defendant.

The fourth factor -- the public policy favoring disposition of cases on their merits -- weighs against dismissal in this case (as in all cases in which dismissal is considered as a sanction).  Nevertheless, Balmer's case is being dismissed as a direct result of Balmer's own non-compliance with a court order. Balmer knowingly and intentionally violated the court's order and stated that he has

8

no intention of complying in the future.  This leaves only one just result -- dismissal of the action.

## V.  CONCLUSION

For the reasons stated above, this court adopts the F&R of the Magistrate Judge.  As this order disposes of all outstanding matters in this case, the clerk of the court is instructed to enter judgment in favor of the Defendant and close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 24, 2006.



J. Michael Seabright
United States District Judge

*Balmer v. Title Guaranty of Hawaii, Inc.*, Civ. No. 05-00045 JMS-KSC, Order Adopting Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Defendant's Motion for Sanctions